UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



Yusuf O. Bush,

    Plaintiff,

v.      Civil Action No. 19-2186 (UNA)

Clerk of the Court *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis* (IFP). The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Nor do "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Plaintiff, a prisoner incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, has sued the Clerk and Deputy Clerks of the Superior Court of the District of

Columbia under 42 U.S.C. § 1983. Plaintiff purports to sue the defendants in their official and individual capacities, but he has not sued anyone by name and alleged what he or she did wrong. Nonetheless, plaintiff alleges that while "performing discretionary functions under color of D.C. law," the defendants rejected his "civil suit for legal malpractice." Compl. at 1. Allegedly, the clerk's staff first rejected plaintiff's pleading because the defendant's address "was not included in the complaint," although plaintiff "had supplied the address on a separate sheet of paper because the section of the complaint didn't have enough space," and "again" upon resubmission "because [plaintiff's] address was not under the caption of plaintiff." Compl. at 2. Plaintiff seeks "punitive damages in the amount of $400,000 and $20,000 in compensatory damages." *Id.*

The U.S. Supreme Court has "grounded the right of access to courts in the Article IV Privileges and Immunities Clause." *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). It instructs that a right-of-access claim "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. To state a claim, therefore, plaintiff "must identify a nonfrivolous, arguable underlying claim" that was lost or is currently impeded as a result of defendants' alleged actions. *Id.* (internal quotation marks and citation omitted). In other words, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint[.]" *Harbury*, 536 U.S. at 415. And "when the access claim . . . looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 416. *See generally Broudy v. Maher*, 460 F.3d 106 (D.C. Cir. 2006) (holding, after comprehensive analysis, that the plaintiffs could not show "under any set of facts consistent with the allegations in the complaint that the defendants completely foreclosed their opportunity to meaningfully pursue underlying benefits claims").

2

Plaintiff has alleged no facts establishing that defendants foreclosed his opportunity to file a viable lawsuit. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: September 18, 2019

_____
United States District Judge